# EXHIBIT A

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
JERSEY COUNTY, ILLINOIS

| | |
|---|---|
| MARGARET LORSBACH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 16-L-18 |
| PIONEER RESTAURANTS LLC, TONY TERRY, and HARDEE'S RESTAURANTS LLC | ) ) ) ) |
| Defendants. | ) |

FILED AUG -8 2016 CHARLES E. HUEBENER CLERK OF THE CIRCUIT COURT SEVENTH JUDICIAL CIRCUIT JERSEY COUNTY, IL

## COMPLAINT

COMES NOW Plaintiff, MARGARET LORSBACH, by and through her attorneys of record, ~~WILLIAMSON, WEBSTER, FALB & GLISSON,~~ and for her Complaint against the above-named Defendants, states the following based on information and belief:

### COUNT I- PREMISES LIABILITY
### DEFENDANT PIONEER RESTAURANTS LLC.

1. At all times material hereto, Plaintiff Margaret Lorsbach (hereafter "Plaintiff") was and is a resident and citizen of Jersey County, Illinois.

2. At all times material hereto, Defendant Pioneer Restaurants LLC was and is a corporation and at all times mentioned herein does business in the County of Jersey and State of Illinois, and was doing business as a Hardee's fast food restaurant at 528 South State Street, Jerseyville, Illinois.

3. At all times material hereto, Defendant Tony Terry was and is a resident and citizen of the State of Illinois, and was and is an employee of Pioneer Restaurants LLC, and the manager of the Hardee's Restaurant located at 528 South State Street, Jerseyville, Illinois.

Page 1 of 9

4. At all times material hereto, Defendant Hardee's Restaurants LLC was and is a corporation and at all times mentioned herein does business in the County of Jersey and State of Illinois, and was doing business as a Hardee's fast food restaurant at 528 South State Street, Jerseyville, Illinois.

5. At all times mentioned herein, Defendants owned the property and the Hardee's Restaurant located at 528 South State Street, Jerseyville, Illinois.

6. At all times mentioned herein, Defendants managed and maintained the Hardee's Restaurant located at 528 South State Street, Jerseyville, Illinois.

7. On November 11, 2015, Plaintiff was an invitee and/or licensee, expressly and implicitly invited onto the premises, including the parking lot, walkways, and entrance areas to said restaurant.

8. At said time and place, Plaintiff was walking from her vehicle to the south entrance of said restaurant, and stepping from the parking lot and drive-thru lane toward the sidewalk and doorway of said area.

9. That at some point prior to November 11, 2015, the parking lot and drive-thru lane area was flush and level to the sidewalk adjacent to the entrance of said restaurant.

10. That at some point prior to the incident, the drive-thru lane and parking lot asphalt was cut out and new concrete was poured, resulting in a two or more inch difference in height between the parking lot and the sidewalk adjacent to the south entrance.

11. That at all times mentioned herein, the parking lot and drive-thru lane were the same color as the sidewalk adjacent to the south entrance.

12. That said difference in height between the parking lot/drive-thru lane and the sidewalk created a tripping hazard and an unreasonable risk of harm for those lawfully invited on said property, including Plaintiff.

13. That at said time and place, Defendants, both individually and/or by and through its employees, agents and/or servants knew or in the exercise of ordinary care should have known of both said condition and the risk.

14. Prior to, and at said time, Defendants both individually and/or acting by and through its employees, agents, and/or servants, could reasonably expect people on the premises, including Plaintiff, would not discover the dangerous condition and/or would not otherwise protect themselves against such danger.

15. At all times mentioned herein, the condition at issue was in no way open and obvious to Plaintiff.

16. At all times mentioned herein, Plaintiff did not misuse the premises in any way.

17. Defendants both individually and/or acting by and through its employees, agents, and/or servants, failed to repair or otherwise remedy the difference in height of said condition in the following ways:

    a) Failed to inspect said premises;

    b) Failed to properly inspect said premises;

    c) Failed to warn patrons of the difference in height between the parking lot/ drive-thru lane and the sidewalk/entrance;

    d) Failed to properly warn patrons of the difference in height between the parking lot/drive-thru lane and the sidewalk/ entrance;

e) Failed to extend its handrails to the area where the parking lot/ drive-thru lane and the sidewalk/entrance were level;

f) Failed to provide contrast in surface colors for the area in question;

g) Failed to repair and/or remedy the condition at issue; and/or

h) Failed to timely repair and/or remedy the condition at issue.

18. As a direct and proximate cause of one or more of the foregoing negligent act(s) and/or omission(s) committed by the Defendants individually and/or acting by and through its employees, agents, and/or servants, that while stepping from the parking lot/drive thru lane to the sidewalk leading to the entrance, Plaintiff tripped and fell because of said difference in height of the walkway, thereby sustaining bodily injuries, including, but not limited to, severe injuries to her leg that resulted in amputation of her leg; past, present and future pain and suffering, both of the body and mind; loss of normal life; disability; disfigurement; lost wages; past, present and future reasonable and necessary medical expenses in endeavoring to cure herself of her bodily injuries; and other damages available at law.

**WHEREFORE,** Plaintiff MARGARET LORSBACH prays for judgment against Defendant PIONEER RESTAURANTS LLC for an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with her costs of this action.

<u>**COUNT II-PREMISES LIABILITY**</u>
<u>**DEFENDANT TONY TERRY**</u>

1-18. Plaintiff hereby incorporates and realleges paragraphs 1-18 of Count I as paragraphs 1-18 of this Count.

**WHEREFORE,** Plaintiff MARGARET LORSBACH prays for judgment against Defendant TONY TERRY for an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with her costs of this action.

## COUNT III-PREMISES LIABILITY
## DEFENDANT HARDEE'S RESTAURANTS LLC

1-18. Plaintiff hereby incorporates and realleges paragraphs 1-20 of Count I as paragraphs 1-18 of this Count I.

**WHEREFORE,** Plaintiff MARGARET LORSBACH prays for judgment against Defendant HARDEE'S RESTAURANTS LLC for an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with his costs of this action.

## COUNT IV NEGLIGENCE
## DEFENDANT PIONEER RESTAURANTS LLC

1-16. Plaintiff hereby incorporates and realleges paragraphs 1-16 of Count I as paragraphs 1-16 of this Count.

17. That prior to the incident, Defendants, by and though its agents, employees and contractors, created the condition and tripping hazard at issue, specifically the difference in height of the walkway of the property.

18. Prior to, and at said time, Defendants individually and/or acting by and through its employees, agents, and/or servants, owed those legally on the premises, including Plaintiff, a duty of ordinary and reasonable care.

19. Notwithstanding said duty, Defendants both individually and/or acting by and

through its employees, agents, and/or servants, committed one or more of the following negligent and careless act(s) and/or omission(s), constituting a breach of the aforementioned duty:

- a) Failed to inspect said premises;
- b) Failed to properly inspect said premises;
- c) Failed to warn patrons of the difference in height between the parking lot/ drive-thru lane and the sidewalk/entrance;
- d) Failed to properly warn patrons of the difference in height between the parking lot/drive-thru lane and the sidewalk/ entrance;
- e) Failed to extend its handrails to the area where the parking lot/ drive-thru lane and the sidewalk/entrance were level;
- f) Failed to provide contrast in surface colors for the area in question;
- g) Failed to repair and/or remedy the condition at issue; and/or
- h) Failed to timely repair and/or remedy the condition at issue.

20. As a direct and proximate cause of one or more of the foregoing negligent act(s) and/or omission(s) committed by the Defendants individually and/or acting by and through its employees, agents, and/or servants, that while stepping from the parking lot/drive thru lane to the sidewalk leading to the entrance, Plaintiff tripped and fell because of said difference in height of the walkway, thereby sustaining bodily injuries, including, but not limited to, severe injuries to her leg that resulted in amputation of her leg; past, present and future pain and suffering, both of the body and mind; loss of normal life; disability; disfigurement; lost wages; past, present and future reasonable and necessary medical expenses in endeavoring to cure herself of her bodily injuries; and other damages available at law.

WHEREFORE, Plaintiff MARGARET LORSBACH prays for judgment against Defendant PIONEER RESTAURANTS LLC for an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with her costs of this action.

### COUNT V- NEGLIGENCE
### DEFENDANT TONY TERRY

1-20.   Plaintiff hereby incorporates and realleges paragraphs 1-20 of Count IV as paragraphs 1-20 of this Count.

WHEREFORE, Plaintiff MARGARET LORSBACH prays for judgment against Defendant TONY TERRY for an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with her costs of this action.

### COUNT VI- NEGLIGENCE
### DEFENDANT HARDEE'S RESTAURANTS LLC

1-20.   Plaintiff hereby incorporates and realleges paragraphs 1-20 of Count IV as paragraphs 1-20 of this Count.

WHEREFORE, Plaintiff MARGARET LORSBACH prays for judgment against Defendant HARDEE'S RESTAURANTS LLC for an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with her costs of this action.

**MARGARET LORSBACH, Plaintiff**

By: _____
MICHAEL P. GLISSON, #6237172
Williamson, Webster, Falb & Glisson
603 Henry Street
Alton, Illinois 62002
(618) 462-1077
(618) 462-1080 FAX

JOSEPH E. HOEFERT, co-counsel #6187621
Attorney at Law
1600 Washington Avenue
Alton, Illinois 62002
(618) 462-1700
(618) 465-7799 FAX

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
JERSEY COUNTY, ILLINOIS

| | |
|---|---|
| MARGARET LORSBACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| PIONEER RESTAURANTS LLC., | ) |
| TONY TERRY, and HARDEE'S | ) |
| RESTAURANTS LLC | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT REGARDING DAMAGES SOUGHT

I, MICHAEL P. GLISSON, attorney for Plaintiff, hereby states under oath the following:

1. That the total of money damages sought in this case exceeds Fifty Thousand Dollars ($50,000.00).

2. That this Affidavit is pursuant to Supreme Court Rule 222(b).

**MARGARET LORSBACH, Plaintiff**

By: _____
MICHAEL P. GLISSON, #6237172
Williamson, Webster, Falb & Glisson
603 Henry Street
Alton, Illinois 62002
(618) 462-1077
(618) 462-1080 FAX

JOSEPH E. HOEFERT, co-counsel #6187621
Attorney at Law
1600 Washington Avenue
Alton, Illinois 62002
(618) 462-1700
(618) 465-7799 FAX